IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF VIRGINIA

Alexandria Division

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | Criminal No. 1:11-mj-771 |
| | ) | |
| AHMED CHARAI, | ) | |
| a/k/a "Moulay Ahmed Charai", | ) | |
| | ) | |
| Defendant. | ) | |

**AFFIDAVIT IN SUPPORT OF A**
**CRIMINAL COMPLAINT AND ARREST WARRANT**

Your affiant, Julie Hilario, being duly sworn state the following:

1.      I am a Special Agent of the United States Department of Homeland Security, Homeland Security Investigations ("HSI"). I am currently assigned to the Washington, D.C. Special-Agent-in-Charge ("SAC/DC") office and to the Washington Dulles International Airport. I have been employed by ICE since December 2006.

2.      My duties as a Special Agent with HSI include, but are not limited to, the investigation of federal laws governing evasion of the reporting requirements of monetary instruments (31 U.S.C. § 5324) and reports governing the export and import of monetary instruments (31 U.S.C. § 5316). I have received training in general law enforcement, including training in Title 31, United States Code, and I am a graduate of the Federal Law Enforcement Training Center at Glynco, Georgia.

3.      The facts set forth in this affidavit are based on my personal knowledge and review of records, documents, and other physical evidence obtained during this investigation, as well as information conveyed to me by other law enforcement officials and private persons. All

observations referenced in this affidavit that were not made by me were related to me by the person who made such observations. Unless specifically indicated, all conversations and statements described in this affidavit are related in substance and in part only and are not intended to be a verbatim recitation of such statements.

4.      This affidavit is submitted in support of a criminal complaint charging Ahmed CHARAI (hereby referred to as CHARAI) with knowingly and intentionally failing to file a required report of the international transportation of currency in an amount over $10,000 into the United States, as required by 31 U.S.C. § 5316, in violation of 31 U.S.C. § 5324(c). This affidavit is also submitted in support of an arrest warrant of CHARAI.

5.      Since this affidavit is being submitted for the limited purpose of obtaining a criminal complaint and arrest warrant, it does not include each and every fact observed by me or known to the government. I have set forth only those facts necessary to support a finding of probable cause.

6.      On September 14, 2011, at Washington Dulles International Airport, which is located in Loudoun County, Virginia, within the Eastern District of Virginia, CHARAI arrived into the United States aboard Air France Flight 26 from Paris, France. CHARAI was selected for secondary examination. CHARAI presented his Moroccan Passport and Customs Declaration to U.S. Customs and Border Protection ("CBP") Officer Abbate. CHARAI checked "No" to Question #13 on his Customs Declaration, indicating that he was not carrying currency or monetary instruments over $10,000 U.S. or foreign equivalent.

7.      When questioned by Officer Abbate about his Customs Declaration, CHARAI stated that he had packed all of his bags himself and was aware of all its contents. Upon examination of CHARAI's bags, Officer Abbate saw what appeared to be multiple envelopes

with unknown contents. Officer Abbate then stopped the baggage examination and provided CHARAI an opportunity to amend his declaration. CHARAI was told to read the back-side of the Customs Declaration and initial below the paragraph explaining the currency reporting requirement. CHARAI read the paragraph, signed the back of the form, and stated that he did not have any more than $4,000. Officer Abbate proceeded to open the three envelopes and discovered U.S. Currency. The currency was counted in front of CHARAI, revealing a total of $15,000. One envelope contained $10,000, another $3,000 and the other $2,000. Officer Abbate had CHARAI collect his money and have a seat in the secondary seating area. Shortly after, a pat-down of CHARAI was conducted with nothing of interest found.

8.      At the start of the secondary count and verification of the currency, Officer Abbate noticed that the envelope that originally contained $10,000 appeared to be thicker than it initially had been during the first verification. The second count then revealed a total of $15,000 in that envelope, $3,000 in the second and $2,000 in the third. In addition to the envelopes, CHARAI had a U.S. $100 bill and three Euro bills (the equivalent of approximately U.S. $61.75) for a grand total of $20,100 in U.S. Currency, as well as the European Currency worth approximately U.S. $61.75.

9.      On September 14, 2011, and into September 15, 2011, your affiant, Special Agent Julie E. Hilario, Homeland Security Investigations, conducted an interview with CHARAI. CHARAI indicated that he could speak and read in the English language and did not require the assistance of an interpreter. CHARAI was informed of his Miranda rights verbally and by reading an English language document. CHARAI waived his rights, signed the Statement of Rights Form, and agreed to speak with SA Hilario. CHARAI stated that he had withdrawn $20,000 from his personal bank account in Morocco just a few days prior. CHARAI knew that

he was carrying the $20,000 with him when he filled out the Customs Declaration on the plane and checked the "No" box, indicating that he was not carrying more than $10,000. CHARAI admitted that when he was being inspected by the CBP Officer, he verbally told the Officer that he only had between $4,000 - $5,000 and CHARAI reaffirmed that he had answered on the Customs Declaration that he was not carrying more than $10,000. CHARAI also admitted to adding the contents of a forth envelope containing approximately $4,800 to the envelope that had contained the $10,000, while he was sitting in the secondary seating area after the initial currency count had been conducted by CBP.

10.     CHARAI stated that $10,000 was going to be used for his annual charitable contribution to the Search for Common Ground Association, on which he is a current board member. CHARAI stated that the two envelopes containing $2,000 and $3,000 were going to be given to two different individuals in the United States for a monthly payment of business services as writers for his company, and that the $4,800 was to be utilized as spending money while in the United States.

11.     CHARAI admitted that he was aware of the currency reporting requirements of the United States and had made a poor decision in failing to report the money that he was transporting. CHARAI stated that he knew he had wrongfully checked the "No" box on his Customs Declaration and that he had made false statements to the CBP Officers, but that he continued to cover up his initial false statement because he was nervous and tired from the long flight.

12.     Based on the foregoing, there is probable cause to believe that Ahmed CHARAI

did, with intent to evade currency reporting requirements under 31 U.S.C. § 5316, knowingly

and intentionally fail to declare the transportation of currency of more than $10,000 into the

United States, in violation of 31 U.S.C. § 5324(c).


Julie E. Hilario
Special Agent
Homeland Security Investigations



Subscribed and sworn to before me on
September 15, 2011, in Alexandria, Virginia.
/s/
Theresa Carroll Buchanan
United States Magistrate Judge

The Honorable Theresa C. Buchanan
United States Magistrate Judge


Submitted by AUSA Ryan K. Dickey

Page 5 of 5