IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF VIRGINIA

Alexandria Division



FILED IN OPEN COURT
SEP 2 2 2011
CLERK, U.S. DISTRICT COURT
ALEXANDRIA, VIRGINIA

| | |
|---|---|
| UNITED STATES OF AMERICA ) <br> ) <br> v. ) <br> ) <br> AHMED CHARAI ) <br> a/k/a "Moulay Ahmed Charai" ) <br> ) <br> Defendant. ) | Criminal No. 1:11-mj-771 |

## STATEMENT OF FACTS

The United States of America and the defendant, AHMED CHARAI, also known as "Moulay Ahmed Charai", stipulate that the allegations in the single count criminal information and the following facts are true and correct, and that had the matter gone to trial, the United States would have proven them beyond a reasonable doubt with admissible and credible evidence that, on or about September 14, 2011, within the Eastern District of Virginia, the defendant did physically transport United States currency in an aggregate amount exceeding $10,000 at one time into the United States from any place outside the United States, and did willfully fail to file a report thereof, as required by Title 31, Code of Federal Regulations, Section 1010.340(a); namely, the defendant transported approximately $20,161.75 in United States currency or equivalent to Dulles International Airport from Paris, France, and willfully failed to file a report thereof, as required by Title 31, Code of Federal Regulations, Section 1010.340(a), all in violation of Title 12, United States Code, Section 1956.

Specifically, the evidence would establish, at a minimum, the following facts:

1. The defendant is a native and citizen of Morocco, who has no valid claim to United States citizenship. At this time, the defendant has not been admitted into the

United States.

2. On or about September 14, 2011, the defendant arrived at Dulles International Airport, within the Eastern District of Virginia, aboard Air France Flight No. 26 from Paris, France. On his Customs Declaration, the defendant checked "No" to Question # 13, indicating that he was not carrying currency or monetary instruments over $10,000 U.S. or foreign equivalent.

3. At the Secondary Inspection Area of Dulles International Airport, the defendant was questioned by United States Customs and Border Protection ("CBP") officers. CBP officers explicitly informed the defendant of his obligation to report whether he possessed monetary instruments totaling over $10,000 in U.S. currency. The defendant verbally stated that he had less than $10,000 in United States currency in his possession.

4. Upon search of the defendant's carry-on luggage, CBP officers found envelopes containing a total of $20,000 in United States currency. On defendant's person, CBP officers found an additional $100.00 United States currency, and two €20.00 bills and one €5.00 bill (approximately $61.75 United States equivalency on September 14, 2011). In aggregate, defendant was transporting approximately $20,161.75 in United States currency or equivalent.

5. The defendant knowingly and for the purpose of evading the reporting requirements of Title 31, Code of Federal Regulations, Section 1010.340(a), failed to file a report declaring the international transportation of monetary instruments of more than $10,000.

6. The acts taken by the defendant, in furtherance of the offense charged in this case, including the acts described above, were in all respects knowing and deliberate, and were not committed by mistake, accident, or other innocent reason.

7. This Statement of Facts includes those facts necessary to support the Plea Agreement between the defendant and the government. It does not include each and every fact known to the defendant or to the government, and it is not intended to be a full enumeration of all of the facts surrounding the defendant's case.

8. This Statement of Facts shall be admissible as a knowing and voluntary confession in any proceeding against the defendant regardless of whether the Plea Agreement is presented to or accepted by a court. Moreover, the defendant waives any rights that the defendant may have under Fed. R. Crim. P. 11(f), Fed. R. Evid. 410, the United States Constitution, and any federal statute or rule in objecting to the admissibility of the Statement of Facts in any such proceeding.

Neil H. MacBride
United States Attorney

By: _____
Ryan K. Dickey
Assistant United States Attorney

**Defendant's Signature:** After consulting with my attorney, and pursuant to the Plea Agreement entered into this day between myself and the United States, I hereby stipulate that the above Statement of Facts is true and accurate, and that had the matter proceeded to trial, the United States would have proved the same beyond a reasonable doubt.

Date: _____  _____
Defendant, AHMED CHARAI

**Defense Counsel Signature:** I am counsel for the defendant in this case. I have carefully reviewed the above Statement of Facts with the defendant. To my knowledge, the defendant's decision to stipulate to these facts is an informed and voluntary one.

Date: 9/22/11  _____
Preston Burton, Esq.
Counsel for the Defendant, AHMED CHARAI

3